UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTIAN DOSCHER,

    Plaintiff,

v.                                      Case No: 6:16-cv-1544-Orl-18TBS

JAMES PATRICK HOLDING,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Response to Order to Show Cause (Doc. 36). For the following reasons, I respectfully recommend that the case be DISMISSED for lack of standing.

### Background

Plaintiff has filed two related actions for defamation in this court. See Doc. 19. According to his amended complaint filed in this case, it appears that Plaintiff is suing for "more than 20 counts of libel" arising out of communications which occurred at various times, starting in March 2015 (Doc. 27 at 4). However, Plaintiff filed a petition for Chapter 7 bankruptcy protection in September 2015, in the United States Bankruptcy Court in and for the Western District of Washington, Case No. 3:15-bk-44213-BDL. Thus, I issued an Order to Show Cause, directing Plaintiff to show why this case should not be dismissed for lack of standing (Doc. 35). Plaintiff has filed his response (Doc. 36).

### Discussion

When a bankruptcy case is filed, virtually all of the debtor's assets vest in the bankruptcy estate. 11 U.S.C. § 541(a)(1). Such property includes causes of actions

belonging to a debtor at the commencement of a case. In re Upshur, 317 B.R. 446, 452 (Bankr. N.D. Ga.2004); Chen v. Siemens Energy Inc., 467 F. App'x 852, 853-54 (11th Cir. 2012). "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004), citing Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir.2003).

Under 11 U.S.C. § 554, once an asset becomes part of the bankruptcy estate, the debtor's rights in the asset are extinguished unless the asset is abandoned back to the debtor. Parker, 365 F. 3d at 1272. When a bankruptcy case is closed, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceeding remains property of the estate. Id. Importantly, "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." Id., citing Mobility Systems & Equip. Co. v. United States, 51 Fed.Cl. 233, 236 (Fed.Cl.2001) (citing cases) and Vreugdenhill v.Navistar Int'l Transp. Corp., 950 F.2d 524, 525-26 (8th Cir.1991).

### Discussion

Here, Plaintiff's amended complaint alleges causes of action that existed prior to the time his bankruptcy petition was filed.[1] As such, unless the assets were abandoned back to him, he lacks standing to pursue those claims here. In his response, Plaintiff incorporates the arguments he makes in response to a similar show cause order in the related case (Case No. 6:16-cv-1515-GKS-TBS) and argues that he properly listed the instant causes of action in his bankruptcy schedules, and the assets were abandoned back to him by operation of law when his bankruptcy case was dismissed. Specifically,

---

[1] Plaintiff asks the Court to take judicial notice of the bankruptcy case. The bankruptcy petition was filed on September 11, 2015.

Plaintiff argues that, as he was at all relevant times a citizen of Washington, Ninth Circuit law controls. Plaintiff contends that he "included in his bankruptcy 'schedule C' said Washington state lawsuit against Defendant Holding (characterized as "personal injury payment"), which Plaintiff at the time had valued at $15,000," and thus he "properly designated this potential lawsuit payment asset under the appropriate US statute." Upon review, this contention is without support.

Although the Court does not and need not find that Ninth Circuit law applies, the end result is the same under either circuit's law. "A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. 11 U.S.C. §§ 521(1), 541(a)(7)." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th Cir. 2010) (pending lawsuit qualifies as an asset of the bankruptcy estate and debtor had a duty to notice the suit to all creditors, citing the need for "complete and honest disclosure."). As the Ninth Circuit has recognized:

> [T]he debtor has a duty to prepare schedules carefully, completely, and accurately." In re Mohring, 142 B.R. 389, 394 (Bankr.E.D.Cal.1992); accord In re Jones, 134 B.R. 274, 279 (N.D.Ill.1991); In re Baumgartner, 57 B.R. 513, 516 (Bankr.N.D.Ohio 1986); In re Mazzola, 4 B.R. 179, 182 (Bankr.D.Mass.1980). Although there are "no bright-line rules for how much itemization and specificity is required," Cusano was required to be as particular as is reasonable under the circumstances. In re Mohring, 142 B.R. at 395. If possible, Cusano was to list the "approximate dollar amount" of each asset. See In re Wenande, 107 B.R. 770, 772 (Bankr.D.Wyo.1989). If faced with a range of values, he was to "choose a value in the middle of the range." In re Seruntine, 46 B.R. 286, 288 (Bankr.C.D.Cal.1984). There are assets, however, the value of which is unknown; when that is the case, "a simple statement to that effect" will suffice. In re Wenande, 107 B.R. at 772.

Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001). Plaintiff did not list the pending claim or lawsuit as an asset; rather, he listed, as an exemption under "11 U.S.C.. §

-3-

522(d)(11)(D)," a "personal injury payment" of "$15,000.00." This is not a description of the claims at issue here.

A personal injury payment, as defined in the statute cited by Plaintiff, is "a payment, not to exceed $15,000, on account of personal **bodily** injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." See 11U.S.C. § 522(d)(11)(D). The claims here are for defamation, which is not a personal bodily injury claim.

Moreover, the amount listed is $15,000, whereas the amount sought here is pled to be greater than $75,000. I find that a listing of a personal injury payment of a sum certain[2] of $15,000 does not include a claim for damages in excess of $75,000 arising from alleged libel. Indeed, if Plaintiff insists that this description accurately describes his claim, the claim is not within the diversity jurisdiction of this court.

I find that the instant claim was not identified and listed on Plaintiff's bankruptcy schedules as required, and, as it is a prepetition cause of action, it was not abandoned and remains in the bankruptcy estate. Put simply, the claims pled in this action accrued to Plaintiff as a matter of law before he filed his bankruptcy petition. Thus, when Plaintiff filed his Chapter 7 petition, "all of his interest in the causes of action that are pending in this court—both legal and equitable—became property of his Chapter 7 bankruptcy estate and no longer belonged to the plaintiff personally." See Oswalt v. Sedgwick Claims Mgmt. Servs., Inc., No. 3:14-CV-956-WKW, 2015 WL 1565033, at *2 (M.D. Ala. Apr. 8, 2015), aff'd, 624 F. App'x 740 (11th Cir. 2015). As Plaintiff lacks standing, this action must be dismissed.

---

[2] Plaintiff's contention that his estimate of damages was "imperfect" is unpersuasive. He had an affirmative duty to prepare his schedules completely and accurately, and, if the value of the claim was in fact, unknown, a "simple statement to that effect" would have complied with this duty. Cusano.

### Recommendation

For the reasons set forth herein and in the similar Report issued in the companion case, I respectfully recommend that the action be **DISMISSED without prejudice**, and the case be closed.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 4, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties